UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRENDA SINGER, an individual,
on behalf of herself and all others similarly
situated,

    Plaintiff,

v.

WWF OPERATING COMPANY
d/b/a WHITEWAVE FOODS,
a Delaware corporation

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Brenda Singer ("Plaintiff") hereby sues for herself and all others similarly situated, Defendant WWF Operating Company d/b/a Whitewave Foods (hereinafter "Whitewave") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this consumer class action on behalf of herself and all other persons who, from April 8, 2009 up to and including the present (the "Class Period"), purchased in Florida for consumption and not resale any of Whitewave's products listing Evaporated Cane Juice ("ECJ") in the ingredients.

2. During the Class Period, Whitewave engaged in a uniform campaign through which it purposefully misrepresented and continues to purposefully misrepresent to consumers that its products contain ECJ even though "evaporated cane juice" is not "juice" at all—it is nothing more than sugar, cleverly disguised. Further, EVJ is not the common or usual name of

- 2 -

any type of sweetener, or even any type of juice, and the use of such a name is false and misleading. Whitewave uniformly lists ECJ as an ingredient on its products, as well as on its website and other promotional material.

3. Whitewave's actions constitute violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201-501.2101. Whitewave has also been unjustly enriched as a result of its conduct.

4. As a result of these unfair and deceptive practices, Whitewave has collected millions of dollars from the sale of its products with ECJ that it would not have otherwise earned.

**PARTIES, JURISDICTION, AND VENUE**

5. Plaintiff Brenda Singer is a citizen of the State of Florida. During the Class Period, Plaintiff purchased different Whitewave products with ECJ as an ingredient for personal consumption within the State of Florida. Plaintiff has purchased Whitewave products with ECJ, including the Horizon Lowfat Vanilla Milk Boxes.

6. Defendant Whitewave is a wholly-owned subsidiary of Dean Foods Company. Whitewave is organized and existing under the laws of the state of Delaware. Whitewave's headquarters is at 12002 Airport Way, Broomfield, Colorado 80021. Whitewave manufactured, advertised, marketed, and sold products containing ECJ to tens of thousands of consumers nationwide, including Florida.

7. The Court has jurisdiction over Whitewave because its products with ECJ are advertised, marketed, distributed, and sold throughout Florida; Whitewave engaged in the wrongdoing alleged in this Complaint throughout the United States, including in Florida; Whitewave is authorized to do business in Florida; and Whitewave has sufficient minimum contacts with Florida and/or otherwise has intentionally availed itself of the markets in Florida,

- 3 -

rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Whitewave is engaged in substantial and not isolated activity within this state.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

9. Venue is proper in this district because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and Whitewave is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

10. Whitewave advertises and markets many of its products as having ECJ, an unlawful term that is merely a false and misleading name for another less healthy food or ingredient that has a common or usual name, namely sugar or dried cane syrup.

11. Whitewave uses the term "Evaporated Cane Juice" on its packaging.

12. Whitewave uses the term ECJ to make its product appear healthier than a product that contains "sugar" as an ingredient and to increase sales and to charge a premium.

13. Upon information and belief, Whitewave sells several products with ECJ, including but not limited to:

| Silk Organic Original Soymilk | Surfin' Strawberry Tuberz | Horizon Lowfat Strawberry Milk Box |
|---|---|---|
| Silk Organic Vanilla Soymilk | Horizon® Organic Lowfat Chocolate Milk plus DHA Omega-3 | Horizon Lowfat Vanilla Milk Box |
| Silk Pure Coconut® Original Coconutmilk | Horizon Fat Free Vanilla Yogurt | Horizon Lowfat Chocolate Milk Box |
| Horizon Blueberry Wave Tuberz | Horizon Strawberry Lemonade Squeeze Tuberz | Horizon Sour Apple Spray Tuberz |
| Horizon Surfin' Strawberry Tuberz | | |

14. Exemplar labels are provided below:




- 4 -

 

15.     Whitewave's product labeling fails to accurately identify sugar as an ingredient of its products.  Rather, the label identifies "Evaporated Cane Juice" as an ingredient, despite the fact that the FDA has specifically warned companies not to use the term "Evaporated Cane Juice" because (1) it is "false and misleading;" (2) its use is in violation of a number of labeling regulations designed to ensure that manufacturers label their products with the common and usual names of the ingredients they use and accurately describe the ingredients they utilize; and (3) the ingredient in question is not a juice.

16.     According to the FDA's published policy, "evaporated cane juice" is simply a deceptive way of describing sugar, and therefore, it is false and misleading to dress up sugar as a type of "juice."

17. In October of 2009, the FDA issued Guidance for Industry: Ingredients Declared as Evaporated Cane Juice, which advised industry and that:

> [T]he term "evaporated cane juice" has started to appear as an ingredient on food labels, most commonly to declare the presence of sweeteners derived from sugar cane syrup. **However, FDA's current policy is that sweeteners derived from sugar cane syrup should not be declared as "evaporated cane juice" because that term falsely suggests that the sweeteners are juice…**
>
> "Juice" is defined by 21 CFR 120.1(a) as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree." …
>
> As provided in 21 CFR 101.4(a)(1), "Ingredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name . . . ." The common or usual name for an ingredient is the name established by common usage or by regulation (21 CFR 102.5(d)). The common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be "confusingly similar to the name of any other food that is not reasonably encompassed within the same name" (21 CFR 102.5(a))…
>
> Sugar cane products with common or usual names defined by regulation are sugar (21 CFR 101.4(b)(20)) and cane sirup (alternatively spelled "syrup") (21 CFR 168.130). Other sugar cane products have common or usual names established by common usage (e.g., molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar, and demerara sugar)…
>
> **The intent of this draft guidance is to advise the regulated industry of FDA's view that the term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup. Because cane syrup has a standard of identity defined by regulation in 21 CFR 168.130, the common or usual name for the solid or dried form of cane syrup is "dried cane syrup."…**
>
> **Sweeteners derived from sugar cane syrup should not be listed in the ingredient declaration by names which suggest that the ingredients are juice, such as "evaporated cane juice." FDA considers such representations to be false and misleading under section 403(a)(1) of the Act (21 U.S.C. 343(a)(1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR 102.5.** Furthermore, sweeteners derived from sugar cane syrup are not juice and should not be included in the percentage juice declaration on the labels of beverages that are represented to contain fruit or vegetable juice (see 21 CFR 101.30).

http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm181491.html (emphasis added)

18.     The FDA's position is thus clear that "evaporated cane juice" labels are "false and misleading."

19.     Despite the issuance of the 2009 FDA Guidance, Whitewave did not remove the unlawful and misleading food labeling ingredient from their misbranded food products.

20.     Such products mislead consumers into paying a premium price for products that do not satisfy the minimum standards established by law for those products and for inferior or undesirable ingredients or for products that contain ingredients not listed on the label.

21.     Many of Whitewave's products, including but not limited to Tuberz and Milk boxes, are marketed to parents and children making the deception that much more insidious.

22.     Whitewave's false, unlawful, and misleading product descriptions and ingredient listings render these products misbranded under Florida law. Specifically, Section 500.04 of the Florida Food Safety Act prohibits the manufacture, sale or delivery of "misbranded food." Food is "misbranded" when "its labeling is false or misleading in any particular" or when a food is "offered for sale under the name of another food."  Fla. Stat. § 500.11(1)(a) & (b).  Misbranded products cannot be legally sold and are legally worthless.

23.     Plaintiff and the class paid a premium price for their Whitewave products with ECJ.

24.     Plaintiff and the Class have been damaged by Whitewave's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Whitewave not misrepresented the products' ingredients.

**CLASS ACTION ALLEGATIONS**

25.     Plaintiff brings this case as a class action pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201-501.213. Plaintiff seeks certification of the following Class: All individuals who purchased any Whitewave product with ECJ for consumption and not resale in Florida after April 8, 2009 up to and including the present (the "Class"). Excluded from the Class are employees, officers, and directors of Whitewave.

26.     This action is proper for class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are thousands of Class numbers. Thus, the Class is so numerous that individual joinder of all Class members is impracticable.

27.     Questions of law and fact arise from Defendant's conduct described herein. Such questions are common to all Class members and predominate over any questions affecting only individual Class members and include:

   a.   whether listing sugar as ECJ on its products is false and misleading;

   b.   whether listing the ingredient "evaporated cane juice" is misleading because it is not "juice";

   c.   whether identifying sugar as ECJ renders the products at issue misbranded;

   d.   whether Whitewave failed to disclose to consumers that ECJ is an unlawful term that is merely sugar or dried cane syrup;

   e.   whether Whitewave engaged in a marketing practice intended to deceive consumers by substituting the term ECJ for sugar in their products;

   f.   whether Whitewave's marketing practices violate FDUTPA;

   g.   whether Whitewave has been unjustly enriched at the expense of Plaintiff and the other Class members by its misconduct;

      h.      whether Whitewave must disgorge any and all profits it has made as a result of its misconduct; and

      i.      whether Whitewave should be barred from marketing its products as listing ECJ as an ingredient.

28. Plaintiff will fairly and adequately represent and pursue the interests of the Class. Plaintiff's counsel has vast experience in litigating consumer class action cases. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.

### COUNT I- INJUNCTION FOR VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

29. Plaintiff realleges and incorporates herein by reference paragraphs 1 - 28 herein and further alleges as follows:

30. This is a claim for an injunction for violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101.

31. FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct "of any trade or commerce" are unlawful. Fla. Stat. §501.204. Under FDUTPA, "trade or commerce" is defined to include any advertisement or solicitation relating to any "thing of value." Fla. Stat. §501.203(8).

32. Plaintiff and the other Class members are consumers as defined and construed under FDUTPA, Fla. Stat. §§501.201-501.213. Further, Plaintiff and the other Class members are "aggrieved" by the sale of products listing ECJ as an ingredient in that they purchased said products.

33. The practices employed by Defendant, whereby Defendant advertised, promoted, and marketed that its products contain ECJ are unfair, deceptive, and misleading. In addition, the practice employed by Defendant, whereby Defendant sold, promoted and marketed that its

products contain ECJ constitutes a *per se* violation of FDUTPA under Section 501.203(3)(c) because it is in violation of the Florida Food Safety Act, Fla. Stat. § 500.04 (1) and (2) in that said products are misbranded.

34. Whitewave should be enjoined from marketing their products as containing ECJ as described above pursuant to Fla. Stat. § 501.211(1).

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly situated, respectfully demands a judgment enjoining Whitewave's conduct, awarding costs of this proceeding and attorney's fees, as provided by Fla. Stat. § 501.2105, and such other relief as this Court deems just and proper.

## COUNT II- VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

35. Plaintiff realleges and incorporates herein by reference paragraphs 1 - 28 herein and further alleges as follows:

36. This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101.

37. FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct "of any trade or commerce" are unlawful. Fla. Stat. §501.204. Under FDUTPA, "trade or commerce" is defined to include any advertisement or solicitation relating to any "thing of value." Fla. Stat. §501.203(8).

38. Plaintiff and the other Class members are consumers as defined and construed under FDUTPA, Fla. Stat. §§501.201-501.213.

39. The practices employed by Defendant, whereby Defendant advertised, promoted, and marketed that its products contain ECJ are unfair, deceptive, and misleading. In addition, the practice employed by Defendant, whereby Defendant sold, promoted and marketed that its

products contain ECJ constitutes a *per se* violation of FDUTPA under Section 501.203(3)(c) because it is in violation of the Florida Food Safety Act, Fla. Stat. § 500.04 (1) and (2) in that said products are misbranded.

40. Plaintiff and the other Class members suffered a loss as a result of Whitewave's deceptive and unfair trade acts. Specifically, as a result of Whitewave's deceptive and unfair trade acts and practices, Plaintiff and the other Class members suffered monetary losses associated with the purchase of Whitewave products with ECJ, *i.e.*, the purchase price of the product and/or the premium paid by Plaintiff and the Class for said products.

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly situated, respectfully demands an award against Whitewave for actual and/or compensatory damages, in addition to the costs of this proceeding and attorney's fees, as provided by Fla. Stat. § 501.2105, and such other relief as this Court deems just and proper.

### COUNT III- UNJUST ENRICHMENT

41. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 - 28 herein and further alleges as follows:

42. Whitewave received certain monies as a result of its uniform deceptive marketing of its products with ECJ that are excessive and unreasonable.

43. Plaintiff and the Class conferred a benefit on Whitewave through purchasing its products with ECJ, and Whitewave has knowledge of this benefit and has voluntarily accepted and retained the benefits conferred on it.

44. Whitewave will be unjustly enriched if it is allowed to retain such funds, and each Class member is entitled to an amount equal to the amount they enriched Whitewave and for which Whitewave has been unjustly enriched.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, demands an award against Whitewave for the amounts equal to the amount each Class member enriched Whitewave and for which Whitewave has been unjustly enriched, and such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

45.     Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Dated: April 8, 3013                              Respectfully submitted,


                                                  s/ Lance A. Harke
                                                  Lance A. Harke, P.A.
                                                  Florida Bar No. 863599
                                                  lharke@harkeclasby.com
                                                  Sarah Clasby Engel, P.A.
                                                  Florida Bar No. 991030
                                                  sengel@harkeclasby.com
                                                  Howard M. Bushman, P.A.
                                                  Florida Bar No. 0364230
                                                  hbushman@harkeclasby.com
                                                  **HARKE CLASBY & BUSHMAN LLP**
                                                  9699 NE Second Avenue
                                                  Miami Shores, FL 33138
                                                  Telephone:    (305) 536-8220
                                                  Facsimile:    (305) 536-8229