**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:13-CV-21232-UNGARO**

BRENDA SINGER, an individual,
on behalf of herself and all others similarly
situated,

Plaintiff,

v.

WWF OPERATING COMPANY
d/b/a WHITEWAVE FOODS,
a Delaware corporation

Defendant.
_________________________________________/

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Brenda Singer ("Plaintiff"), on her own behalf and on behalf of all others similarly situated moves pursuant to the Federal Rules of Civil Procedure for an order:

1. Conditionally certifying the class identified in the Amended Complaint and the "Settlement Agreement and Release" ("Settlement Agreement");
2. Appointing Lance A. Harke, Harke Clasby & Bushman LLP as "Class Counsel."
3. Preliminarily approving the Settlement Agreement entered into by the Parties, a copy of which is attached as Exhibit 1.
4. Appointing CPT Group as the claims administrator.
5. Directing that notice be disseminated to the class notifying the class of (a) the class certification, (b) their requirement to file a proof of claim within a specified period of time, and (c) their right to object or opt out of the settlement;

6. Setting a final fairness hearing; and

7. Granting such further relief as the Court deems just.

Defendant WWF Operating Company ("Defendant") does not oppose this motion. For the reasons stated below, Plaintiff respectfully requests that this Court grant preliminary approval to the proposed settlement class of this class action.

## I. BACKGROUND

### A. The Instant Action

Plaintiff has brought this action against Defendant , on behalf of herself and all other persons who, from January 1, 2005 up to and including the present (the "Class Period"), purchased in the United States for consumption and not resale any of Defendant's products listing Evaporated Cane Juice ("ECJ") in the ingredients (the "WWF Products"). Plaintiff alleges that Defendant engaged in misrepresentation in the labeling and promoting of its products containing ECJ. Among other things, Plaintiff contends that ECJ is actually sugar and therefore the products, including their ingredient lists, should not refer to ECJ. Further, Plaintiff contends that ECJ is not the common or usual name of any type of sweetener, or even any type of juice, and the use of such a name is false and misleading. Plaintiff asserts that Defendant's actions constitute violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101, as well those similar deceptive and unfair practices and/or consumer protection laws in other states. Further, Plaintiff claims that Defendant was unjustly enriched by said conduct.

Defendant denies any liability to Plaintiff and/or any Class Member and further contends that, for any purpose other than this settlement, this action is not appropriate for class treatment. Among other things, Defendant contends that, per Federal Food and Drug Administration

("FDA") guidelines, the ingredients list for each of the WWF Products accurately and properly describes the ingredients contained in that product and that Plaintiff will be unable to prove a reasonable consumer would have been misled by the labels and representations at issue. Defendant contends that each putative class member received the benefit of their bargain and did not suffer any actual damages, and that class treatment of such claims is inappropriate. Defendant further contends that Plaintiff does not have standing to bring this lawsuit, which is of a subject matter reserved for the FDA's regulation and enforcement, and that her claims otherwise are preempted by federal law and/or subject to dismissal under the doctrine of Primary Jurisdiction.

**B.     The Proposed Settlement**

After substantial preparation, research and investigation over several months, Plaintiff filed the Complaint on April 8, 2013. After the Complaint was filed, Plaintiff immediately contacted counsel for Defendant to inquire about Defendant's acceptance of service of the Complaint. During this conversation, and in an effort to ascertain if Defendant would consider removing reference to ECJ from its packaging, absent moving for a preliminary injunction, the parties initiated early settlement discussions. After multiple days discussing the parameters of a potential settlement that would achieve the primary goals of the litigation (i.e. the removal of ECJ and allowing for a payment to be made to settlement class members), the parties engaged in confirmatory discovery which led to the preparation of appropriate settlement documents and related notices and forms.

The Class is defined in the Settlement as follows:

> All persons who, from January 1, 2005 to the present, purchased WWF Products[1] throughout the United States for personal use and not for resale during the Class Period.
>
> Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the WWF Products; and any natural person or entity that received any compensation from Defendant to endorse the WWF Products.

The central provisions of the Settlement (Exhibit 1) are as follows:

**1. Global Class Relief.**

**(a) Injunctive Relief.** Defendant has agreed to remove the listing of "Evaporated Cane Juice," including but not limited to "Organic Evaporated Cane Juice" and "All-Natural Evaporated Cane Juice," from the ingredient list and packaging on the WWF Products. The agreed to injunctive relief is of preeminent importance to Plaintiff and Class Counsel, as Defendant has agreed to change its product labeling and marketing in a manner which Plaintiff and Class Counsel believe alleviate concerns about the alleged misleading nature of the prior labeling relating to ECJ.

---

[1] "WWF Products" or "WWF Product" are defined as any and all WWF products, including but not limited to Horizon brand products, Silk brand products, International Delight brand products, Land O'Lakes brand products, and any and all products sold under private labels manufactured, sold, or distributed by Defendant during the Class Period that were labeled and/or represented as containing "evaporated cane juice" or any substantially similar derivation thereof, including but not limited to "all natural evaporated cane juice" and "organic evaporated cane juice," and including but not limited to the following products: Silk Organic Original Soymilk, Silk Organic Vanilla Soymilk, Silk Pure Coconut Original Coconutmilk, Horizon Blueberry Wave Tuberz, Horizon Surfin' Strawberry Tuberz, Horizon Organic Lowfat Chocolate Milk plus DHA Omega-3, Horizon Fat Free Vanilla Yogurt, Horizon Strawberry Lemonade Squeeze Tuberz, Horizon Lowfat Strawberry Milk Box, Horizon Lowfat Vanilla Milk Box, Horizon Lowfat Chocolate Milk Box, and Horizon Sour Apple Spray Tuberz.

**(b) Monetary Payment**. Defendant will provide a cash payment to settlement class members in the form of refunds for prior purchases of Claimed Products, as that term is defined in the Settlement Agreement, with the labeling at issue. Class Members will download and return a claim form from the settlement website, or one that is sent to them by the Notice Administrator. The process and payment structure shall be as follows:

i. All claim forms will be signed under the penalty of perjury.

ii. Class Members who have a proof of purchase may seek reimbursement for 75% of their purchase price, subject to a cap of $50.00. Acceptable proofs of purchase for purposes of this paragraph shall be a purchase receipt or invoice.

iii. Class Members without proofs of purchase can still claim under the terms of the Settlement Agreement. These Class Members who do not have valid proofs of purchase can seek reimbursement by (i) completing a Claim Form indicating which product the Class Member purchased, where the purchase was made and how much her or she believes he or she paid for the product. Settlement Class Members making such claims not supported by proof of purchase will receive a refund of twenty-five percent (25%) of the purchase price (as determined by WWF's price listing for the particular region and time period), subject to a limit of 5 products per Class Member.

**(c) Distribution of Balance of the Total Settlement Value**. The Parties have estimated the "Total Settlement Value" at $800,000, which is the total monetary value that the Parties ascribe to all relief, fees and costs associated with the Settlement Agreement. Included in this Total Settlement Value is (i) the agreed sum attributable to the injunctive relief at $200,000.00; (ii) the attorney fees, costs and class representative award of $252,500.00; (iii) the costs and fees of the class administrator, including notice and distribution, estimated at $75,000.00; and (iv) distributions to settlement class members through the claims process. The Balance of the Total Settlement Value shall be calculated as the Total Settlement Value of $800,000.00 less the values of the injunctive relief, attorney fees, class administrator costs and

distributions to settlement class members. If, after assessing the value of the claims submitted by the settlement class members, the Balance of the Total Settlement is greater than zero, then this amount will be redistributed *pro rata* to all approved settlement class members. In light of this, it remains possible that class members could receive reimbursement up to 100% for the Claimed Products they purchased.

**(d) Confirmatory Discovery.** The Parties will be entitled to further confirmatory discovery including the number of units sold, the total revenues from said sales, the proposed changes to the labeling once completed, as well as any other information required to finalize the settlement.

**2. Attorneys' Fees, Costs, Expenses, and Representative Award.**

The Parties negotiated the payment of attorneys' fees and costs, over and above the class relief, only after reaching agreement upon all other terms of this Settlement Agreement. Moreover, the Settlement Agreement is not contingent upon the award of any particular amount of attorneys' fees and costs. Like all class action settlements, the amount of attorneys' fees and costs awarded to class counsel is left to the discretion of this Court. The Parties have agreed, however, that separate and apart from the monetary relief the Defendant will provide to the Class, and subject to Court approval, the Defendant will not object to a collective award of attorneys' fees and costs up to $250,000.00 for Class Counsel in this case, an amount that will be based upon Class Counsel's lodestar, with a multiplier. Further, Defendant has agreed to not oppose a request for a Class Representative award in the amount of $2,500.00.

**3. Notice to the Class and Administration.**

Defendant will prepare, pay for and cause to be published the Class Notice with the help of a reputable claims administrator, in the form agreed upon by the Parties and approved by the

Court, within twenty (20) days of the Court's entry of the Order Preliminarily Approving Class Action Settlement and Providing for Notice. The proposed publication and detailed Class Notices, as well as the Claim Form, are attached hereto as Composite Exhibit 2. The Notice will be disseminated through nationwide periodical publication in USA Today and published on a website maintained by the claims administrator for the proposed settlement. Defendant shall also pay for a third-party settlement administrator to administer the settlement, including establishing and operation of a toll-free number settlement class members can call to request a claim form or inquiry regarding the settlement and the claims process. Defendant shall also pay for any and all notice required under the Class Action Fairness Act of 2005.

**4.     Releases.**

As part of the consideration for this Settlement Agreement, upon Final Approval, it is agreed that the Plaintiff and all members of the Class shall be deemed to have jointly and severally provided full and complete releases of any and all Released Claims and covenanted not to sue as described below, and as further detailed in the parties' Settlement Agreement.

## II. THE COURT SHOULD GRANT PRELIMINARY APPROVAL TO THE PROPOSED SETTLEMENT

Preliminary approval is the first of a two-step process for approval of a proposed class action settlement. In this first step, the Court simply determines whether the proposed settlement falls within the range of possible approval and whether it is reasonable to issue notification to class members of the settlement's terms. In the second step, after notice to the class and an opportunity is provided for absent class members to object or otherwise be heard, the Court must determine whether to grant final approval of the settlement as fair and reasonable, under the rules of civil procedure. *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149 (S.D. Fla. 2010); *See*

*Manual for Complex Litigation (Third)* § 30.41 (1995); Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions* § 11.25 (4th ed. 2002).

Preliminary approval of a proposed class action settlement does not involve a determination of the merits of the proposed settlement or affect the substantive rights of any class member. The purpose of preliminary approval is solely to communicate the proposed settlement to the class, to review and approve the proposed form of Notice to the class, and to authorize the manner and form of dissemination of the notice. *See Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895 (S.D. Fla. 2007); *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149 at *2-3; *Manual for Complex Litigation (Third)* § 30.41, at 236-37 (1995) ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies . . . and [the settlement] appears to fall within the range of possible approval, the court should direct that notice issue" and should schedule a final approval hearing).

The proposed Settlement Agreement satisfies all of the factors required for preliminary approval under Rule 23. First, the Settlement Agreement is the product of an informed arms-length negotiation by experienced counsel. *See Hughes v. Microsoft Corp.*, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001) ("In determining whether to approve a settlement, the Court keeps in mind the unique ability of class counsel to assess potential risks and rewards of litigation."). Negotiations occurred over multiple separate days prior to settlement.

Second, the Settlement Agreement falls within the range of possible approval. Given the difficulties Plaintiff would have to overcome if she were to litigate this case to verdict, the recovery under the terms of the Settlement is fair, adequate, and reasonable. While Plaintiff and Class Counsel believe their claims are meritorious, Defendant has raised, and would continue to

raise, challenges to the legal and factual basis for these claims. Defendant vigorously denies that it has engaged in any misrepresentation in the labeling or promoting of the WWF Products. The Settlement Agreement proposed by the parties immediately provides the certainty of valuable and substantial benefits to the class members in the form of reimbursement for prior purchase of products. Moreover, the Settlement Agreement provides the principal injunctive relief sought through this action—changes to the labels and promotion of the WWF Products. If the case is not settled, it would be necessary to continue prosecuting the litigation against Defendant through and trial and, even if successful, likely appeals, thereby delaying by years any potential benefits to the class that could come from this litigation. Accordingly, the Settlement should be preliminarily approved and notification of the Settlement's terms should be issued to the Class as provided by this Motion.

## III. THE PARTIES HAVE AGREED TO CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

For settlement purposes only, Defendant will not contest[2] that this action satisfies the elements for class certification under Rule 23. "The settlement class device has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims," where the claims are small. *In re Prudential Sec. Limited Partnership Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995); s*ee also In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) (holding that courts should favor the use of devices, including settlement classes, that foster negotiated conclusions to class actions); *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149 (S.D. Fla. 2010). In fact, a settlement class in complex litigation "actually enhances absent class members' opt-out rights because the right to

[2] Nothing in the Settlement Agreement or this motion shall constitute an admission by Defendant, or evidence of any kind, in any other proceeding that any requirement for class certification is satisfied.

exclusion is provided simultaneously with the opportunity to accept or reject the terms of a proposed settlement." *In re Prudential*, 163 F.R.D. at 205.

Accordingly, the parties have stipulated to the definition of a Settlement Class. Subject to the exclusions that follow and for settlement purposes only, the "Settlement Class" is defined as follows:

> The Class is defined in the Settlement as follows:
>
> All persons who, from January 1, 2005 to the present, purchased WWF Products throughout the United States for personal use and not for resale during the Class Period.
>
> Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the WWF Products; and any natural person or entity that received any compensation from Defendant to endorse the WWF Products.

**A.     The Proposed Settlement Class Meets All the Requirements for Class Certification of a Settlement Class Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure.**

Plaintiff contends that the stipulated Settlement Class, at least conditionally, meets all of the requirements for class certification pursuant to Federal Rule of Civil Procedure Rule 23(a). Rule 23(a) sets forth the following prerequisites for certifying a class: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." F.R.C.P., Rule 23(a).

First, the Settlement Class consists of thousands of consumers. Accordingly, the Settlement Class is clearly so numerous that joinder of all members is impractical.

Second, the commonality and typicality requirements are met.[3] Federal Rule of Civil Procedure 23(a)(2) allows a class action to be maintained if "there are questions of law or fact common to the class." Rule 23(a)(3) requires that "the claims or defenses of the representative parties [must be] … typical of the claims or defenses of the class." Plaintiff contends that the requirement of commonality is satisfied here because Plaintiff's claims stem from allegations of common misrepresentation in the labeling and promoting of the WWF Products. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (commonality is found where there is "at least one issue affecting all or a significant number of proposed class members.").

Plaintiff contends that the typicality requirement is also met in this case for purposes of conditional certification of a settlement class. "Typicality is satisfied where the named plaintiff's claims 'arise from the same event or pattern or practice and are based on the same legal theory' as the claims of the class. *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149 (S.D. Fla. 2010) (internal citations omitted). The claims of the Representative Plaintiff are typical for purposes of the settlement class as defined herein because Plaintiff claims to have purchased Defendant's products with ECJ, including the Horizon Lowfat Vanilla Milk Boxes during the class period, and has an interest in redressing claimed injury similar to other class members. *See* Am. Comp at ¶ 5 [D.E.4].

Third, the representative parties will fairly and adequately protect the interests of the class. Satisfaction of this issue requires considering: "(1) whether the proposed class

[3] While Defendant agrees not to oppose this motion, and Plaintiff's contention that the settlement class is appropriate for certification pursuant to Rule 23, for any purposes other than this settlement, Defendant vigorously contests that the commonality and typicality requirement are met, or can be met. Nothing in this unopposed motion, shall constitute an admission or waiver of argument in regard to Defendant's position that, if this settlement should not be approved or is otherwise terminated, class certification is inappropriate and does not met the prerequisites of Rule 23.

representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation." *Fabricant*, 202 F.R.D. at 314. The interests of the Representative Plaintiff here do not conflict with the interests of any other Settlement Class Member, as they all seek similar relief. Further, as demonstrated by the efforts of Class Counsel to date, they have competently and vigorously protected the interests of Representative Plaintiff and Settlement Class Members, and will continue to do so. Class Counsel, Lance A. Harke is highly experienced in class action litigation and possesses the requisite skill, ability and experience to represent the Class. A copy of the firm resume is attached as Exhibit 3. Having retained experienced and skilled counsel, who approve of the settlement, and possessing interests aligned with the proposed class, the Representative Plaintiff satisfies the adequacy of representation requirement.

**B. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(1)(A) and (b)(3).**

"In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b)." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895 *3 (S.D. Fla. 2007); *see Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149 (S.D. Fla. 2010); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 68 (D. Mass. 2005) ("In addition to the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, the party seeking to obtain class certification must demonstrate that the action may be maintained under Rule 23(b)(1), (2), or (3)."). The Settlement Class here satisfies the requirements of Rule 23(b)(1)(A) and (b)(3).

As required by Rule 23(b)(1)(A), a class action will prevent possible inconsistent or varying adjudications which could occur if individual members had to prosecute separate actions. The present settlement eliminates any such concerns. The Settlement Class also

satisfies the requirements of Rule 23(b)(3). "In adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases 'in which a class action would achieve the economies of time, effort, and expense, and promote…uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Lupron Mktg. and Sales Practices Litig.*, 228 F.R.D. at 92 (*citing Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997)); *see also Klay v. Humana, Inc*., 382 F.3d 1241 (11th Cir. 2004). "The superiority analysis dovetails with the predominance analysis." *In re Lupron Mktg. and Sales Practices Litig.*, 228 F.R.D. at 92. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 91 (*citing Amchem*, 521 U.S. at 623). Plaintiff contends these factors are readily satisfied here. Additionally, a class action is superior to other available methods, as the amount of damages incurred by each Settlement Class Member is insufficient to justify the costs of pursuing an individual action. *Id.* at 92.

## IV. THE COURT SHOULD APPROVE THE PROPOSED NOTICE PROGRAM

Rule 23(c)(2)(B) provides that the court must direct to class members the best notice practicable under the circumstances. The purpose of notice is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. National R.R. Passenger Corp*., 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974); *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895 at *7-8.

The notice program proposed here clearly meets this standard. Defendant will cause the approved class notice to be published by a respected settlement administrator, and in a

publication with a nationwide distribution. Further, Defendant will establish a settlement website to inform consumers of the settlement terms and to process and submit online claims, as well as publish the Notice and other Court documents. The Notice program is reasonably calculated to notify the Class of the Settlement, and therefore easily satisfies the required standards.

In addition, the contents of the Notice are more than sufficient. The Notice must fairly describe the litigation and the proposed settlement and its legal significance. *See, e.g., Trvigg*, 153 F.3d at 1088 (5th Cir. 1977) ("[The notice] must also contain an adequate description of the proceedings written in objective, neutral terms, that, in so far as possible, may be understood by the average absentee class member[.]"); *Bennett v. Behring Corp.*, 96 F.R.D. 343, 353 (S.D. Fla. 1982), *aff'd*, 737 F.2d 982 (11th Cir. 1984) ("It is not the function of the settlement notice to fully inform the class of all the details of the settlement, but merely to put class members on notice of the general parameters of the settlement and to inform them of where information as to specifics may be obtained."). Indeed, notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward to be heard." *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). The Notice here contains all pertinent terms. *See* Exhibit 2.

## V. CONCLUSION

Plaintiff respectfully requests that the Court enter an order[4] granting preliminary approval, and establishing the following schedule for the provision of notice, applying for fees,

---

[4] A proposed Order is attached hereto as Exhibit 3.

costs, and an incentive award, filing of objections, and the holding of the hearing on final approval, provided that the Court preliminarily approves the Settlement:

    a.    Within 20 days of the Court's entry of the Order Preliminarily Approving Class Action Settlement and Providing for Notice: Dissemination of Notice to the Class via publication.

    b.    No later than 21 days before the Final Fairness Hearing: Objections to the Proposed Settlement filed with the Court, and received by the Class Counsel; Requests for Exclusions from the Class to be post-marked no later than this date; and

    c.    7 days before the Final Fairness Hearing: Submission of Plaintiffs' Counsels' motion for final approval of the Settlement, application for attorneys' fees and expenses, and application for an incentive award for the Representative Plaintiffs.

Respectfully submitted,

s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com
Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone:    (305) 536-8220
Facsimile:    (305) 536-8229

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of April, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

s/ Lance A. Harke

CASE NO.: 1:13-CV-21232-UNGARO

**SERVICE LIST**

Angela C. Agrusa
aagrusa@linerlaw.com
**LINER, GRODE, STEIN, YANKELEVITZ, SUNSHINE, ET AL.**
1100 Glendon Avenue
14th Floor
Los Angeles, CA 90024
Telephone: 310-500-3500

*Via E-Mail*

17