E
X
H
I
B
I
T

1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on April 17, 2013:  Plaintiff Brenda Singer, individually and on behalf of the Settlement Class ("Plaintiff" and/or "Class Representative"), on the one hand, and WWF Operating Company d/b/a/ ("Defendant") on the other hand in the action entitled *Brenda Singer v. WWF Operating Company d/b/a WhiteWave Foods, Case No. 13-CV-21232-UU* (the "Action") in the United States District Court for the Southern District of Florida (the "Court").

I.   **DEFINITIONS**

As used in this Agreement and all related documents, the following terms have the following meanings:

A.    "Class Counsel" means Lance A. Harke, P.A., Harke Clasby & Bushman LLP.

B.    "Class Period" means January 1, 2005, through the date of Preliminary Approval of Class Settlement.

C.    "Effective Date" means (a) if no objection is raised to the proposed settlement at the fairness hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the fairness hearing, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

D.    "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section IV of the Agreement substantially in the form attached as Exhibit "A."

E.      "Objection/Exclusion Deadline" means the date twenty-one (21) days prior to the "Fairness Hearing," defined below.

F.      "Parties" means Class Representative and Defendant.

G.      "Preliminary Approval" means the date the Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

H.      "Fairness Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable and adequate and entry by the Court of a final judgment and order thereon.

I.      "WWF Products" or "WWF Product" mean any and all WWF products, including but not limited to Horizon brand products, Silk brand products, International Delight brand products, Land O'Lakes brand products, and any and all products sold under private labels manufactured, sold, or distributed by Defendant during the Class Period that were labeled and/or represented as containing "evaporated cane juice" or any substantially similar derivation thereof, including but not limited to "all natural evaporated cane juice" and "organic evaporated cane juice," and including but not limited to the following products: Silk Organic Original Soymilk, Silk Organic Vanilla Soymilk, Silk Pure Coconut Original Coconutmilk, Horizon Blueberry Wave Tuberz, Horizon Surfin' Strawberry Tuberz, Horizon Organic Lowfat Chocolate Milk plus DHA Omega-3, Horizon Fat Free Vanilla Yogurt, Horizon Strawberry Lemonade Squeeze Tuberz, Horizon Lowfat Strawberry Milk Box, Horizon Lowfat Vanilla Milk Box, Horizon Lowfat Chocolate Milk Box, and Horizon Sour Apple Spray Tuberz.

J.      "Publication Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section IV of the Agreement.

K.      "Settlement Class" means all persons who purchased  WWF Products throughout the United States for personal use and not for resale during the Class Period.  Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of

its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the WWF Products; and any natural person or entity that received any compensation from Defendant to endorse the WWF Products.

L.     "Settlement Class Member" means any member of the Settlement Class.

M.     "Settlement Class Household" means, to the extent family members, or extended family members, living under the same roof and for whom purchases of the WWF Products were collectively made, those family members shall be treated as one "Settlement Class Household" for purposes of the "Claims Process" described below.  For purposes of the "Claims Process," a sole or single "Settlement Class Member" shall be treated as one "Settlement Class Household."

N.     "Final Judgment" means the judgment the Court enters, finally approving the class settlement.

O.     "Claim" means the claim of a Settlement Class Member submitted on a Claim Form as provided in this Agreement.

P.     "Claim Period" means the time period in which Class Members may submit a Claim Form for review to the Class Action Settlement Administrator.  The Claim Period shall run from 120 days from the Effective Date.

Q.     "Claims Process" means the process for Settlement Class Members' submission of Claims as described in this Agreement.

R.     "Class Action Settlement Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court.  The Parties agree that CPT Group shall be retained to implement the claims and Settlement requirements of this Agreement.

S.     "Total Settlement Value" is the estimated total monetary value of $800,000.00, which the Parties ascribe to all relief, benefits, fees, costs, expenses and any and all other expenditures to be paid by Defendant as described herein.

## II.   LITIGATION BACKGROUND

A.   On April 8, 2013, Plaintiff filed the Action on behalf of herself and all others similarly situated, alleging that she purchased consumable products containing "evaporated cane juice" that had been marketed, distributed and/or sold by Defendant throughout the United States.  Plaintiff alleges that Defendant's products which include Silk Organic Original Soymilk, Silk Organic Vanilla Soymilk, Silk Pure Coconut Original Coconutmilk, Horizon Blueberry Wave Tuberz, Horizon Surfin' Strawberry Tuberz, Horizon Organic Lowfat Chocolate Milk plus DHA Omega-3, Horizon Fat Free Vanilla Yogurt, Horizon Strawberry Lemonade Squeeze Tuberz, Horizon Lowfat Strawberry Milk Box, Horizon Lowfat Vanilla Milk Box, Horizon Lowfat Chocolate Milk Box, and Horizon Sour Apple Spray Tuberz (the "Claimed Products") had been falsely or misleadingly labeled or marketed.  The Action asserts claims for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*, and unjust enrichment arising from Defendant's alleged nationwide advertising, marketing and selling practices regarding the WWF Products.

B.   Defendant expressly denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further contends that, for any purpose other than settlement, this Action is not appropriate for class treatment.  Defendant does not admit or concede any actual or potential fault, wrongdoing, or liability against it in the Action or any other actions.

C.   Class Counsel has conducted a thorough investigation into the facts surrounding the Action.  This investigation included but was not limited to: factual research; legal research; and collecting and reviewing of documents and data.  As a result of this process, Class Counsel was able to review thoroughly the claims of the Settlement Class Members and Defendant's policies, practices and procedures as they relate to the marketing, sale, manufacture and distribution of the WWF Products.

D.   Counsel for the Parties engaged in a series of meetings and discussions regarding possible settlement of the Action, including substantial additional arms-length negotiations.  The result was a settlement of the Action in its entirety, culminating with this Agreement.

E.      Based on the above-outlined investigation, the current state of the law, the expense, burden and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiff and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances. Further, Defendant has agreed to modify the language on the labels of the WWF Products.

F.      Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may be used to run Defendant's business.   While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that it has valid defenses to Plaintiff's claims, Defendant has determined that the settlement is fair, adequate and reasonable.

G.      Based on the foregoing, which the Parties expressly incorporate as material terms of the Agreement, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Action which exist between the Parties. Therefore, it is the intention of Plaintiff and the Settlement Class that this Agreement shall constitute a full and complete settlement and release of their claims relating to evaporated cane juice against Defendant, which release includes in its effect all present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors and assigns of Defendant with respect to all claims alleged by Plaintiff in the operative complaint in this Action.

## III.   CERTIFICATION

A.      Certification of Class:  For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this

Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(2).

B.  <u>Certification is Conditional:</u>  This certification is conditional on the Court's approval of this Agreement.  In the event the Court does not approve all terms of the Agreement, then certification of the Settlement Class should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy.  And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV.  <u>SETTLEMENT CONSIDERATION</u>

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties agree as follows:

A.  <u>Injunctive Relief</u>:  Defendant stipulates to injunctive relief in the form of modification of the language on the labels of the WWF Products, ceasing to use the term "evaporated cane juice" and any substantially similar derivation thereof including but not limited to "all natural evaporated cane juice" and "organic evaporated cane juice" to describe any of the ingredients in the WWF Products.  Plaintiff agrees that Defendant shall be permitted six months from the Effective Date to sell off all its existing packaging and WWF Products that feature, exhibit or contain the labeling claims that are in dispute.  Defendant agrees, without admitting any liability or fault, to refrain from using or promoting the prior labels of the WWF Products once the existing WWF Products and labeling are sold off.  The Parties hereby agree that the amount attributable to the Total Settlement Value from the injunctive relief described above is $200,000.00 ("Agreed Injunctive Relief Amount.")

**B.**     <u>Monetary Relief</u>:  Defendant shall offer partial refunds to Settlement Class Members only for the Claimed Products subject to the following provisions of the Claims Process:

1.     <u>Available Monetary Relief</u>:  The Parties Agree that the "Available Monetary Relief" to Settlement Class Members through the Claims Process shall consist of the Total Settlement Value minus (i) the Agreed Injunctive Relief Value, (ii) payments to Class Counsel and the Class Representative as described in Section V, which total $252,500.00 and (iii) the value of settlement administration costs, which include fees and costs paid to the Class Action Settlement Administrator for claims processing, distribution and notice, which the Parties agree is estimated at $75,000.00.  Defendant will contribute an amount up to the Available Monetary Relief to be distributed to eligible Settlement Class Members who purchased the Claimed Products in the United States during the Class Period as set forth below.

2.     <u>Claims Supported by Proof of Purchase</u>:  A Settlement Class Member who has valid proof of purchase of a Claimed Product may seek reimbursement of seventy five percent (75%) of the purchase price paid for any Claimed Product by timely submitting a Claim Form, which shall be included in the Class Notice, to the Class Action Settlement Administrator.  Such valid proof of purchase shall constitute a sales receipt showing the Claimed Product purchased, the date of purchase, and the price paid to purchase the Claimed Product.  Such reimbursement, supported by valid proof of purchase, shall be capped at $50.00 per Settlement Class Household.

3.     <u>Claims Not Supported by Proof of Purchase</u>:  A Settlement Class Member who does not have valid proof of purchase of a Claimed Product may seek reimbursement by (i) completing a Claim Form and timely submitting it to the Class Action Settlement Administrator indicating which Claimed Product he or she purchased, where the purchase was made, and how much he or she believes he or she paid for the Claimed Product; and (ii) attesting under penalty of perjury that the information supplied in the Claim Form is true and correct to the best of the Settlement Class Member's knowledge.  Settlement Class Members making such claims not supported by proof of purchase will receive a refund of twenty-five percent (25%) of the purchase price per Claimed Product (as determined by Defendant's price listing for the particular

region and time period).  Such reimbursement that is not supported by valid proof of purchase, shall be limited to 5 products per Settlement Class Household.

4.      In the event the aggregate value of the Claims filed exceeds the Available Monetary Relief, payment of Claims to Settlement Class Member shall be reduced on a *pro rata* basis such that the aggregate value of all such claims does not exceed the Available Monetary Relief.  In no event shall Defendant be obligated to pay or disburse to Settlement Class Members pursuant to this Agreement an amount in excess of the Available Monetary Relief.

C.      **Balance of the Total Settlement Value:**

1.      The "Balance of the Total Settlement Value" shall be calculated as the Total Settlement Value less the following:  (i) the Agreed Injunctive Relief Value; (ii) distributions to Settlement Class Members in accordance with Paragraphs IV(B)(2) and (3) above; (iii) payments to Class Counsel and the Class Representative as described in Section V; and (iv) all costs of settlement administration, including but not limited to the administration of the Claims Process and the notice as decribed herein.

2.      If the Balance of the Total Settlement Value is greater than zero, then such amount shall be redistributed *pro rata* to all approved Settlement Class Members who submitted valid and timely Claims, not to exceed 100% of each Settlement Class Members' total claimed purchase price for Claimed Products.

3.      In no event shall Defendant be obligated to pay or disburse pursuant to this Agreement an amount in excess of the Available Monetary Relief.

D.      **Compensation Period:**  Sixty (60) calendar days from the Effective Date, Defendant, through the Class Action Settlement Administrator, shall honor and administer on a first-come, first-served basis the payment of all Claims submitted either through U.S. mail or online at www.singerECJsettlement.com within the Claim Period, which begins on the date Notice is disseminated and expires one hundred and twenty (120) calendar days from the Effective Date.  Defendant shall have no obligation to honor untimely Claims received by the Class Action Settlement Administrator after the Claims Period.

    **E.**   **Confirmatory Discovery**: The Parties will be entitled to further confirmatory discovery including purchase history, the number of units sold, the total revenues from said sales, the proposed changes to the labeling once completed, as well as any other information required to finalize the settlement.

## V.   ATTORNEYS FEES AND CLASS REPRESENTATIVE AWARD

    Class Counsel agrees that it will apply to the Court for attorneys' fees, costs and expenses in an amount not to exceed two hundred fifty thousand dollars ($250,000.00 USD). This is an inclusive amount and specifically includes all costs and fees incurred by Class Counsel and Plaintiff in connection with the Action thus far, as well as ongoing and future costs and fees through finalization of settlement of this Action. This amount is beyond the relief provided to the Class based on Plaintiff's lodestar with an appropriate multiplier. Class Counsel agrees that it will apply to the Court for an incentive award to class representative Brenda Singer in an amount not to exceed two thousand five hundred dollars ($2,500.00 USD), for her participation as the class representative, for taking on the risks of litigation, and for settlement of her individual claims as a Settlement Class Member in this Action. Defendant agrees not to oppose Class Counsel's motion for attorneys' fees and costs and incentive award, provided that the requested attorneys' fees and costs and incentive award do not exceed two hundred fifty-two thousand and five hundred dollars ($252,500.00 USD) in the aggregate. Plaintiff and Class Counsel agree not to move for attorneys' fees and costs and incentive award exceeding two hundred fifty-two thousand and five hundred dollars ($252,500.00 USD) in the aggregate. No later than fifteen (15) days following the Effective Date, Defendant shall deliver to Lance A. Harke, at the address set forth below, a check payable to "Harke Clasby & Bushman Client Trust Account" in the total amount actually awarded by the Court as attorneys' fees, expenses and costs and incentive award, not to exceed two hundred fifty-two thousand and five hundred dollars ($252,500.00 USD). Plaintiff and Class Counsel agree to provide Defendant all identification information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), and completed Internal Revenue Service Form W-9(s).

Except for the fees and costs to be paid to Class Counsel and Plaintiff as specifically provided in this Agreement, Defendant does not agree to pay and shall not be responsible or liable for the payment of any attorneys' fees and expenses of Class Counsel, Plaintiff, the Settlement Class, and Settlement Class Member, any person or entity that may object to the Agreement, or any attorney who may represent any person or entity that may object to the Agreement, in connection with the Action or in connection with any claim that was or could have been alleged in the Action.  Defendant agrees it will not appeal an award of attorney's fees to Class Counsel (including the Plaintiff's incentive award described above) that in the aggregate does not exceed two hundred fifty-two thousand and five hundred dollars ($252,500.00 USD).

## VI.   RELEASE

Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the settlement benefits described in this Agreement, Plaintiff and the Settlement Class shall fully release and discharge Defendant and all its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiff or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever relating to the use of the term "evaporated cane juice" with respect to the  WWF Products during the Class Period and the claims alleged in the complaint in the Action, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to

the claims alleged in the complaint in the Action, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale by the Discharged Parties of the WWF Products; any claims for rescission, restitution or unjust enrichment for all damages of any kind; violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes; any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state or local statutes, codes, damages, costs, expenses, extracontractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Discharged Parties pertaining to or relating to the claims alleged in the complaint in the Action, notwithstanding that Plaintiff and the Settlement Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release herein.  Notwithstanding the foregoing, this Release only relates to the Discharged Parties' use of the term "evaporated cane juice" and not any other aspect of the WWF Products. Further, nothing herein shall release any claims brought in any of the cases that are part of *In Re: Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation,* CASE NO.: 1:12-MD-02324-LENARD.  Additionally, personal injury claims are excluded from this release.

VII.   **NOTICE TO THE SETTLEMENT CLASS**

Class Notice:  Defendant shall issue the Class Notice in accordance with the requirements of the Preliminary Approval Order, as follows:

(1)    Subject to the approval of the Court and to be completed no later than twenty days (20) after the order of Preliminary Approval and forty-five days prior to the Fairness Hearing, Defendant shall cause the Class Notice to be published as follows: (i) in substantially the form attached as Exhibit A hereto by publishing the notice in USA Today; and (ii) on a website established for the purpose, www.singerECJsettlement.com.

(2)     Defendant shall pay all costs associated with preparing and publishing the Class Notice.

(3)     Tracking and reporting of class members who request exclusion shall be compiled by the Class Action Settlement Administrator and communicated to the Plaintiff who will report to the Court.

(4)     Providing all Notice required under the Class Action Fairness Act of 2005 ("CAFA").

## VIII.  PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.     Objections:     Only Settlement Class Members may object to the settlement. A Settlement Class Member who wishes to object to the settlement must do so in writing, file his or her objection with the Court, and serve a file-stamped copy of his or her objection on Class Counsel and counsel for Defendant at the addresses set forth in the Class Notice in compliance with the provisions of this subsection A set forth below. Written objections must contain:

i.     the full name, address and telephone number of the Settlement Class Member;

ii.     a written statement of all grounds for the objection accompanied by any legal support for the objection (if any);

iii.     copies of any papers, briefs or other documents upon which the objection is based;

iv.     a list of all persons who will be called to testify in support of the objection, if any;

v.     a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing;

vi.     proof of membership in the Class; and

vii.     the signature of the Settlement Class Member and her or his counsel, if any.

Any Settlement Class Member who has filed and served written objections to the proposed settlement may enter an appearance at the Fairness Hearing either personally or through counsel, or seek and obtain leave of Court excusing such appearance prior to the Fairness Hearing. Any settlement Class Member who either fails to timely file and serve the written objection shall be foreclosed from making such objection and/or deemed to have waived any objection filed, and shall have no right and/or standing to file an appeal relating to the approval of this Settlement.

No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court, unless written notice of the Settlement Class Member's intention to appear at the Fairness Hearing, and copies of any written objections or briefs, have been timely filed with the Court and served on counsel for the Parties on or before the Objection/Exclusion Deadline.

1.   <u>Timeliness of Objections</u>:   The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline. Settlement Class Members who fail to timely file and serve a written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement. All objections must be received by counsel listed in Section XV below at least fourteen (14) days prior to date scheduled for the Fairness Hearing ("Objection Deadline").

2.   <u>Response to Objections</u>:   Class Counsel shall, at least two (2) business days (or such other number of days as the Court shall specify) before the Fairness Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

B.     Procedure for Requesting Exclusion: Settlement Class Members who wish to opt out of this settlement must submit a written statement within the Objection/Exclusion Deadline. The Full Class Notice shall provide mandatory language for the request for exclusion. Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. The date of the postmark on the mailing envelope shall be the exclusive means use to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline. Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any portion of the refunds, will not be bound by the settlement, and will not have any right to object, appeal or comment thereon. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the settlement and any final judgment entered in this litigation if the settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the settlement.

C.     No Solicitation of Settlement Objections or Exclusions: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Members to object to the settlement or request exclusion from participating as a Settlement Class Member, or encourage any Settlement Class Member to appeal from the final judgment.

## IX.   RELEASE OF UNKNOWN CLAIMS

Plaintiff expressly understands and acknowledges, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Agreement—Plaintiff hereby agrees that the provisions of all such principles of law

or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished and released by Plaintiff and all Settlement Class Members.

## X.   DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the Court in support of a Joint Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Agreement, the Parties shall apply to the Court for the entry of a Preliminary Approval order substantially in the following form:

A.   Scheduling a Fairness Hearing on the question if whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the class;

B.   Approving as to form and content the Publication Notice and Full Class Notice;

C.   Directing publication of the Publication Notice, and the method and frequency of class notice;

D.   Preliminarily approving the settlement;

E.   Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

F.   Staying all proceedings in the Action, and enjoining the prosecution of any other individual or Class claims.

G.   Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any

other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement.  In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.

## XI.    DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

Class Counsel will submit a proposed final order and judgment at the Final Fairness Hearing to include:

A.    Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

B.    Approving Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative application for fee Enhancements; and

C.    Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI above.

## XII.   PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIII.  MUTUAL FULL COOPERATION

A.    The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of

this Agreement.  The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement.  As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement.

B.      Defendant agrees that Defendant will not attempt to discourage Settlement Class Members from filing claims and will encourage Settlement Class Members to participate when asked about the settlement.

## XIV.  NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Defendant denies all liability for claims asserted in the Action.  Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding in order to establish liability.  The preceding sentence shall not apply to an action or proceeding to approve or enforce this Agreement.

## XV.  NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Class | For Defendant |
| --- | --- |
| Lance A. Harke, P.A.<br>HARKE CLASBY & BUSHMAN LLP<br>9699 NE Second Avenue<br>Miami Shores, FL 33138 | Angela C. Agrusa<br>LINER GRODE STEIN<br>YANKELEVITZ SUNSHINE<br>REGENSTREIF & TAYLOR LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024 |

## XVI.  CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XVII.  MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder.

Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XVIII. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XIX.  PUBLIC STATEMENTS

The Parties and their counsel shall issue no public statements with respect to the Action or the Settlement Agreement except as required by law, until the Court has given final approval of the settlement.  However, if pending final approval, the Parties receive media or press inquiry regarding the Action or this Settlement, the Parties shall be permitted to respond with a statement to be mutually agreed upon by the Parties.  Upon final approval, public statements made by counsel about the settlement will be truthful, accurate, non-defamatory, and consistent with the content and tone of the papers publicly filed with the Court in this Action.  Counsel shall not make, publish or circulate or cause to be made, publish or circulate any statements that represent or suggest that this Settlement Agreement or any Order by the Court regarding this Settlement Agreement

represents or implies an admission by and Defendant of any liability or wrongdoing, or a finding by the Court of liability or wrongdoing.

## XX.   NON-EVIDENTIARY USE

Neither this Agreement nor any of its terms shall be offered or received into evidence in the Action, or in any other action or proceeding; provided, however, that nothing contained in this section "non-evidentiary use" shall prevent this agreement from being used, offered, or received in any proceeding to enforce, construe, or finalize this Agreement.

## XXI.   NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the judgment and dismissal is entered.  Such prohibited collateral attacks shall include claims made before the Fairness Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXII.  AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXIII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any party or Settlement Class Member without the express written consent of each other Party hereto.  The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIV. <u>GOVERNING LAW</u>

This Agreement shall be governed by, construed, and interpreted and the rights of the Parties determined in accordance with the laws of the State of Florida, irrespective of the State of Florida's choice of law principals.

## XXV.  <u>BINDING ASSIGNS</u>

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXVI. <u>CLASS COUNSEL SIGNATORIES</u>

It is agreed that because the Settlement Class appears to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement.  The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVII. <u>COUNTERPARTS</u>

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

**IN WITNESS WHEREOF**, the Parties have duly executed this Agreement as of the dates indicated below:

**CLASS REPRESENTATIVE AND CLASS COUNSEL:**

Dated: April ____, 2013                    BRENDA SINGER

                                           By: _____

                                           Individually and on behalf of the Settlement Class

Dated: April ____, 2013                    HARKE CLASBY & BUSHMAN LLP

                                           By: _____

                                               Lance A. Harke, P.A.

                                               Attorneys for Plaintiff

**DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: April 17, 2013                      ROGER THEODOREDIS

                                           By: _____

                                           Executive Vice President and General
                                           Counsel

                                           WWF OPERATING COMPANY

Dated: April 17, 2013                      LINER GRODE STEIN YANKELEVITZ
                                           SUNSHINE REGENSTREIF & TAYLOR LLP

                                           By: _____
                                               Angela C. Agrusa

                                               Attorneys for Defendant
                                               WWF OPERATING COMPANY

**IN WITNESS WHEREOF**, the Parties have duly executed this Agreement as of the dates indicated below:

### CLASS REPRESENTATIVE AND CLASS COUNSEL:

Dated: April ___, 2013                          BRENDA SINGER

By: _____

Individually and on behalf of the Settlement Class

Dated: April ___, 2013                          HARKE CLASBY & BUSHMAN LLP

By: _____

Lance A. Harke, P.A.

Attorneys for Plaintiff

### DEFENDANT AND COUNSEL FOR DEFENDANT:

Dated: April ____, 2013                          ROGER THEODOREDIS

By: _____

Executive Vice President and General Counsel

WWF OPERATING COMPANY

Dated: April ____, 2013                          LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR LLP

By: _____

Angela C. Agrusa

Attorneys for Defendant WWF OPERATING COMPANY