UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:13-CV-21232-UNGARO

BRENDA SINGER, an individual,
on behalf of herself and all others similarly
situated,

      Plaintiff,

v.

WWF OPERATING COMPANY
d/b/a WHITEWAVE FOODS,
a Delaware corporation

      Defendant.

_____/

## ORDER OF PRELIMINARY APPROVAL AND
## PUBLISHING OF NOTICE OF A FINAL FAIRNESS HEARING

1.    Before the Court is the Unopposed Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law ("Motion") filed by Brenda Singer ("Plaintiff"), on her own behalf and on behalf of all others similarly situated. Defendant WWF Operating Company (hereinafter "Defendant ") (together with Plaintiff, the "Parties"), does not oppose the Motion. The Motion requests that the Court enter an Order: (1) conditionally certifying the class identified in the Amended Complaint; (2) appointing Lance A. Harke, P.A., Harke Clasby & Bushman LLP as "Class Counsel"; (3) Preliminarily approving the settlement agreement entered into by the Parties; (4) appointing CPT Group as settlement administrator; (5) directing that notice be disseminated to the class; (6) setting a final fairness hearing; and (7) granting such further relief as the Court deems just.

Having reviewed and considered the Settlement Agreement and Motion, the Court makes the findings and grants the relief set forth below, preliminarily approving the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The Motion [D.E. *5* ] is GRANTED, *subject to the addition of the language concerning the right of Class Members to retain their own counsel, as indicated in paragraph VI of the proposed notice [D.E. 5-2] (attached)*

2.  Having made the findings set forth below, the Court hereby certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court conditionally finds, that for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiff are typical of the claims of members of the Settlement Class; (d) Representative Plaintiff and Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) for purposes of settlement only, questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) for purposes of settlement only, certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy. Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23.

3.    The Settlement Class is defined as:

All persons who, from January 1, 2005 to the present, purchased WWF Products[1] throughout the United States for personal use and not for resale during the Class Period.

Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of its respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the WWF Products; and any natural person or entity that received any compensation from Defendant to endorse the WWF Products.

4.    The Court preliminarily approves the settlement set forth in the Settlement Agreement as fair, reasonable, and adequate within the meaning of Rule 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

5.    Lance A. Harke, Harke Clasby & Bushman LLP is appointed as counsel for the Settlement Class ("Class Counsel").

6.    A hearing (the "Final Fairness Hearing") shall be held before this Court on June 28, 2013 at 10:00 a.m, in Courtroom 12-4, United States District Court for the Southern District of Florida, Miami Division, located at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, to determine:  (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in

---

[1] "WWF Products" or "WWF Product" are defined as any and all WWF products, including but not limited to Horizon brand products, Silk brand products, International Delight brand products, Land O'Lakes brand products, and any and all products sold under private labels manufactured, sold, or distributed by Defendant during the Class Period that were labeled and/or represented as containing "evaporated cane juice" or any substantially similar derivation thereof, including but not limited to "all natural evaporated cane juice" and "organic evaporated cane juice," and including but not limited to the following products: Silk Organic Original Soymilk, Silk Organic Vanilla Soymilk, Silk Pure Coconut Coconutmilk, Horizon Blueberry Wave Tuberz, Horizon Surfin' Strawberry Tuberz, Horizon Organic Lowfat Chocolate Milk plus DHA Omega-3, Horizon Fat Free Vanilla Yogurt, Horizon Strawberry Lemonade Squeeze Tuberz, Horizon Lowfat Strawberry Milk Box, Horizon Lowfat Vanilla Milk Box, Horizon Lowfat Chocolate Milk Box, and Horizon Sour Apple Spray Tuberz.

the best interests of the Settlement Class; (b) whether a Judgment as provided in the Settlement Agreement should be entered granting final approval of the settlement; and (c) the amount of attorneys' fees, costs and expenses to be paid to Class Counsel for distribution, as well as the amount of Representative Plaintiff incentive award. The Court notes that Defendant has agreed to not oppose Class Counsel's application for attorneys' fees costs in the amount of $250,000.00 and the request that Representative Plaintiff receive an incentive award of $2,500.00 over and above the class relief. The Court may adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

7. The Court approves the Notice as to form and content, *except as indicated above .*

8. The Court approves and appoints CPT Group as settlement administrator, as set forth in the Settlement Agreement.

9. Defendant shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than 7 calendar days before the Final Fairness Hearing, counsel for Defendant shall file with the Court one or more declarations stating that Defendant have complied with its notice obligations under 28 U.S.C. § 1715.

10. As soon as is possible, notice shall be issued consistent with the Settlement Agreement, and the settlement administrator shall establish a dedicated settlement website, and shall maintain and update the website through the Claims Bar Date, which will provide class member the ability to file a claim, access to the Notice, claim form approved by the Court, as well as the Settlement Agreement.

11. The Court finds that compliance with the notice plan is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons

- 4 -

entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.

12.     No later than 7 calendar days before the Final Fairness Hearing, Class Counsel and Defendant shall file with the Court one or more declarations stating that, in accordance with the terms of this Order, the notice plan was complied with.

13.     Each Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit a written notice of such intent to a designated Post Office Box established by the settlement administrator, as set forth in the Notice. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked at least twenty-one (21) days prior to the date of the Final Fairness Hearing as set forth in the Notice.

14.     Within 7 days after the deadline for Class Members to request exclusion from the Settlement Class, Class Counsel shall furnish to counsel for Defendant a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

15.     All Class Members falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement. All Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

16.     Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Settlement Agreement. All Settlement Class Members who

- 5 -

qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim therefor in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Judgment.

17.     Each Settlement Class Member wishing to object to the settlement shall submit a timely written notice of his objection. Such notice must be in writing, personally signed by the Objector, including the specific reason(s) for the objection and any legal support the Objector wishes to bring to the Court's attention.   To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Southern District of Florida, United States District Court for the Southern District of Florida, Miami Division, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing, and served therewith upon both of the following:  (1) Class Counsel Lance A. Harke, P.A. of Harke Clasby & Bushman LLP, 9699 NE 2nd Avenue, Miami Shores, Florida, 33138 and (2) Defendant's   Counsel, Angela C. Agrusa, Esq., Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, 1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024-3503.

18.     All discovery and pretrial proceedings in this Litigation are stayed and suspended until further order of this Court.

19.     Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal.

20.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Defendant; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of Defendant, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

21.     In the event the Court does not grant final approval of the Settlement Agreement the Settling Parties shall be restored to their respective positions in the Litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement, including certification of the class for settlement purposes, shall be treated as vacated, *nunc pro tunc*.

SO ORDERED.

Honorable Ursula Ungaro
United States District Court Judge

Dated: _Apr. 19_ , 2013

- 7 -

### 5.    MORE INFORMATION

The complete terms of the settlement are in the Settlement Agreement, which is available online at www.singerECJsettlement.com or by calling (888) XXX-XXXX.

#### 6. Do I have a lawyer in the case?

The Court has appointed the following counsel as Class Counsel:  Lance A. Harke, Harke Clasby & Bushman LLP, 9699 NE 2nd Avenue, Miami Shores, FL 33138. *You also have a right to obtain your own attorney. But, if you hire your own*

#### 7. How will the lawyers for the Settlement Class be paid?

The Parties negotiated the payment of attorneys' fees and costs, over and above the class relief, only after reaching agreement upon all other terms of this Settlement Agreement.  Moreover, the Settlement Agreement is not contingent upon the award of any particular amount of attorneys' fees and costs.  Like all class action settlements, the amount of attorneys' fees and costs awarded to class counsel is left to the discretion of this Court.  The Parties have agreed, however, that separate and apart from the monetary relief the Defendant will provide to the Class, and subject to Court approval, the Defendant will not object to a collective award of attorneys' fees and costs up to $250,000.00 for Class Counsel in this case, an amount that will be based upon Class Counsel's lodestar, with a multiplier.  Further, Defendant has agreed to not oppose a request for a Class Representative award in the amount of $2,500.00.

Class Counsel will publish any motion for an award of Class Counsel's Fees and Expenses on the settlement website www.singerECJsettlement.com on or before _____, 2013.

#### 8. What happens if I do nothing after receiving this notice?

If you do nothing, and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against Defendant concerning the facts at issue in this Litigation.

As long as you do not request exclusion from the Settlement Class, you are entitled to the benefits described in Section 5 if you properly submit a claim form.

**You must complete and submit a Claim Form postmarked no later than _____, or your claim will not be considered and will be rejected.**

#### 9. What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a member of the Settlement Class and will be bound by the settlement if the Court approves it unless you exclude yourself from the Settlement Class (also known as "opting out").  Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Settlement

*attorney, you will have to pay that attorney. You can ask your attorney to appear at the Fairness Hearing for you if you don't want someone other than Class Counsel to represent you.*